Michael K. Friedland
Lauren Keller Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 721-6303
Facsimile: (949) 760-9502
michael.friedland@knobbe.com

Jon A. Stenquist, ISB No. 6724
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
900 Pier View Drive Suite 206
Post Office Box 51505
Idaho Falls, Idaho  83402-1505
Telephone: (208) 522-6700
Facsimile: (208) 522-5111
jas@moffatt.com
MTBR&F File No. 24747.0004

Attorneys for Plaintiff
Andersen Manufacturing Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDERSEN MANUFACTURING INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WYERS PRODUCTS GROUP, INC., a Colorado corporation,<br><br>Defendant. | Civil No. 16-51<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andersen Manufacturing Inc. ("Andersen") hereby complains of Defendant Wyers Products Group, Inc. ("Defendant" or "Wyers") and alleges as follows:

**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL - 1**

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing aluminum adjustable hitches directly to consumers and/or retailers in this district, and selling into the stream of commerce knowing such products would be sold in Idaho and this district, which acts form a substantial part of the events giving rise to Andersen's claim.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff Andersen is a corporation organized and existing under the laws of the state of Idaho, having its principal place of business at 3125 N. Yellowstone Hwy., Idaho Falls, Idaho 83401.

5. Andersen is informed and believes, and thereon alleges, that Defendant Wyers is a corporation organized and existing under the laws of the state of Colorado and has a principal place of business at 6770 S. Dawson Cir., Suite 200, Centennial, Colorado 80112.

6. Andersen is informed and believes, and thereon alleges, that Wyers has committed the acts alleged herein within this judicial district.

### III.  GENERAL ALLEGATIONS

7.  Andersen is engaged in the manufacture and sale of towing technologies, including aluminum drop bar hitches.  Andersen is the manufacturer and retailer of several aluminum drop bar hitch systems that have enjoyed substantial success and are protected by various intellectual property rights owned by Andersen.

8.  On June 21, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,908,099 ("the '099 patent"), entitled "Systems and Methods for Providing Aluminum Hitch Components."  Andersen is the owner by assignment of all right, title, and interest in the '099 patent.  A true and correct copy of the '099 patent is attached hereto as Exhibit A.

9.  On January 2, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,156,412 ("the '412 patent"), entitled "Systems and Methods for Providing an Aluminum Bar for Towing."  Andersen is the owner by assignment of all right, title, and interest in the '412 patent.  A true and correct copy of the '412 patent is attached hereto as Exhibit B.

10.  On May 29, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,222,510 ("the '510 patent"), entitled "Systems and Methods for Manufacturing a Drop Bar."  Andersen is the owner by assignment of all right, title, and interest in the '510 patent.  A true and correct copy of the '510 patent is attached hereto as Exhibit C.

11.  Defendant manufactures, uses, sells, offers for sale and/or imports into the United States aluminum adjustable hitches that infringe Andersen's intellectual property rights, and was familiar with Andersen's intellectual property rights as a result of Defendant's prior

relationship with Andersen in which Defendant was a manufacturer and vendor of components for Andersen's drop bar hitch systems.

12. Andersen has provided constructive notice of its rights in the '099 patent to the public by causing the '099 patent number to be placed on patented products and/or packaging.

## IV.  FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,908,099

13. Plaintiff incorporates paragraphs 1 through 12 herein by reference.

14. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

15. Plaintiff is the owner by assignment of the '099 patent with sole rights to enforce the '099 patent and sue infringers.

16. The '099 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the U.S. Code.

17. Defendant has infringed and continues to infringe one or more claims, including at least Claim 11, of the '099 patent by making, using, importing, selling, and/or offering for sale stepped drop bars manufactured in accordance with the '099 patent. Defendant has infringed and continues to infringe the '099 patent in violation of 35 U.S.C. § 271.

18. Defendant sells stepped drop bars as a component of its aluminum adjustable hitch systems, including the "TRZ4ALRP," "TRZ8AL," "RAZOR 6 Aluminum Adjustable Hitch," and "RAZOR 8 Aluminum Adjustable Hitch," "TRZ6ALRP," "TRZ12AL," "TRZ8ALRP," and "6" and 12" Premium Aluminum Adjustable Hitches" hitch systems. On information and belief, Defendant manufactures its stepped drop bars by, among other things,

extruding billet aluminum through a die to form a profile in the shape of an extended and stepped drop bar, cutting a plurality of parallel cuts through the extended and stepped drop bar profile to provide a plurality of drop bars, machining near the proximal end of a first stepped drop bar to configure a receiving portion that is configured to receive a ball for coupling thereto, and machining near the distal end of the first stepped drop bar to configure the first stepped drop bar to be selectively coupled to a vehicle for use in towing.

19.     Upon information and belief, the Defendant's infringement of the '099 patent is willful, deliberate, and intentional by continuing their acts of infringement with knowledge of the '099 patent and thus acting in reckless disregard of Andersen's patent rights.

20.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless Defendants are enjoined and restrained by this Court.

22.     Plaintiff is in compliance with 35 U.S.C. § 287.

## V.  SECOND CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 7,156,412

23.     Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

25.     Plaintiff is the owner by assignment of the '412 patent, with sole rights to enforce the '412 patent and sue infringers.

**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL - 5**

26. The '412 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Defendant has infringed and continues to infringe one or more claims, including at least Claim 14, of the '412 patent by making, using, importing, selling, and/or offering for sale stepped drop bars covered by the '412 patent. Defendant has infringed and continues to infringe the '412 patent in violation of 35 U.S.C. § 271.

28. Defendant sells stepped drop bars as a component of its aluminum adjustable hitch systems, including the "TRZ4ALRP," "TRZ8AL," "RAZOR 6 Aluminum Adjustable Hitch," and "RAZOR 8 Aluminum Adjustable Hitch," "TRZ6ALRP," "TRZ12AL," "TRZ8ALRP," and "6" and 12" Premium Aluminum Adjustable Hitches" hitch systems. On information and belief, Defendant's stepped drop bars include, among other things, an end comprising aluminum, wherein the end is configured with outside dimensions which permit insertion of the end into a hitch adapter of a motorized vehicle for towing, and a component that provides vertical adjustment of the stepped drop bar.

29. Upon information and belief, the Defendant's infringement of the '412 patent is willful, deliberate, and intentional by continuing their acts of infringement with knowledge of the '412 patent and thus acting in reckless disregard of Andersen's patent rights.

30. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

31. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless Defendants are enjoined and restrained by this Court.

## VI. THIRD CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 7,222,510

32. Plaintiff incorporates paragraphs 1 through 31 herein by reference.

33. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

34. Plaintiff is the owner by assignment of the '510 patent with sole rights to enforce the '510 patent and sue infringers.

35. The '510 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

36. Defendant has infringed and continues to infringe one or more claims, including at least Claim 9, of the '510 patent by making, using, importing, selling, and/or offering for sale drop bars manufactured in accordance with the '510 patent. Defendant has infringed and continues to infringe the '510 patent in violation of 35 U.S.C. § 271.

37. Defendant sells stepped drop bars as a component of its aluminum adjustable hitch systems, including the "TRZ4ALRP," "TRZ8AL," "RAZOR 6 Aluminum Adjustable Hitch," and "RAZOR 8 Aluminum Adjustable Hitch," "TRZ6ALRP," "TRZ12AL," "TRZ8ALRP," and "6" and 12" Premium Aluminum Adjustable Hitches" hitch systems. On information and belief, Defendant manufactures its drop bars by, among other things, extruding aluminum through a die to form a profile in the shape of an extended and stepped drop bar, cutting a plurality of parallel cuts through the extended and stepped drop bar profile to provide a plurality of drop bars, machining near a first end of a first stepped drop bar to configure a receiving portion that is configured to receive a ball for coupling thereto, wherein the first bar is

one of the plurality of drop bars, and machining near a second end of the first stepped drop bar to configure the first stepped drop bar to be selectively coupled to a vehicle for use in towing.

38. Upon information and belief, the Defendant's infringement of the '510 patent is willful, deliberate, and intentional by continuing their acts of infringement with knowledge of the '510 patent and thus acting in reckless disregard of Andersen's patent rights.

39. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

40. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless Defendants are enjoined and restrained by this Court.

**WHEREFORE**, Andersen prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the '099, '412, and '510 patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the '099, '412, and '510 patents in violation of 35 U.S.C. § 271;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the '099, '412, and '510 patents in violation of 35 U.S.C. § 271, and that Defendant pay to Andersen all damages suffered by Andersen and/or Defendant's total profit from such infringement;

D. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

E. An Order adjudging that this is an exceptional case;

F. An award to Andersen of the attorneys' fees and costs incurred by Andersen in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of pre-judgment and post-judgment interest and costs of this action against Defendant;

H. That Andersen have and recover the costs of this civil action, including reasonable attorneys' fees.

I. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Andersen Manufacturing, Inc. hereby demands a trial by jury on all issues so triable.

DATED this 29th day of January, 2016.

Respectfully submitted,

By: /s/

Jon A. Stenquist
Attorneys for Plaintiff Andersen Manufacturing Inc.

**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL - 9**

Client:4059728.1