IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDERSEN MANUFACTURING INC., an Idaho corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WYERS PRODUCTS GROUP, INC., a Colorado corporation,<br><br>　　　　Defendant. | Case No.  4:16-CV-51-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to transfer filed by defendant Wyers. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

Plaintiff Andersen claims that defendant Wyers is making a trailer hitch that infringes three patents held by Andersen. In its pending motion to transfer, Wyers asks the Court to transfer this case to the District of Colorado.

This case was filed here about two years ago on January 29, 2016. Wyers admitted that venue was proper, and the parties engaged in discovery to prepare for the *Markman* hearing on claim construction. That hearing was held and the Court issued its *Markman* decision in May of 2017. About four months later, the Court issued a Case

**Memorandum Decision & Order – page 1**

Management Order setting various deadlines, including a deadline for the completion of discovery on February 16, 2018. *See Case Management Order (Dkt. No. 77).*

In its motion to transfer, Wyers recognizes that it conceded venue in its Answer filed April 15, 2016. But at that time, Wyers argues, the governing law from the Federal Circuit was that venue in patent cases was proper where a defendant did business, and because Wyers clearly did business in Idaho, contesting venue would be frivolous. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990). It was not until May of 2017 – more than a year after Wyers filed its Answer – that the Supreme Court changed that law in *TC Heartland LLC v. Kraft Foods Group Brands LLC,* 137 S.Ct. 1514 (2017). In that decision, the Supreme Court held that venue was proper where the corporate defendant was incorporated, not where it did business. *Id.* Wyers is incorporated in Colorado and so it immediately filed the present motion asking the Court to transfer the case to Colorado. Wyers claims it is entitled to an exception for waiver caused by an intervening change in the law.

A defense of improper venue is waivable. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Wyers waived that defense by admitting venue was proper in its answer. The issue is whether the Supreme Court's decision in *TC Heartland* was an intervening change in the law that entitles Wyers to claim an exception from waiver.

The Courts have split into two camps on this issue. One camp holds that *TC Heartland* did not constitute an intervening change in the law because it simply relied on an earlier Supreme Court – *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, (1957) – holding that venue in patent cases was within the state of incorporation. These

**Memorandum Decision & Order – page 2**

cases hold that the Federal Circuit in *VE Holding* had no authority to overrule *Fourco* and so *Fourco* remained available to any corporate defendant who wanted to challenge venue when sued outside of the state where it was incorporated.  Because *Fourco* was always available as a defense, the decision in *TC Heartland* was not the type of intervening change in the law that constitutes an exception to waiver, according to these cases.  *See e.g., Reebok International Ltd. v. TRB Acquisitions LLC,* 2017 WL 3016034 (D. Ore. July 14, 2017); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 2651618, at \*20 (E.D. Tex. June 20, 2017); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.,* 2017 WL 2556679, at \*3 (E.D. Va. June 7, 2017); *Infogation Corp. v. HTC Corp.*, 2017 WL 2869717, at \*4 (S.D. Cal. July 5, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc*., 2017 WL 2778006, at \*5–7 (N.D. Tex. June 27, 2017); *Amax Inc. v. ACCO Brands Corp*., 2017 WL 2818986, at \*3 (D. Mass. June 29, 2017); *Chamberlain Grp., Inc. v. Techtronic Indus. Co. et al.,* 2017 WL 3205772, at \*2 (N.D. Ill. June 28, 2017) (same); *Skyhawke Techs., LLC v. DECA Int'l Corp*., 2017 WL 3132066, at \*2 (S.D. Miss. July 21, 2017) (same)

A second camp puts more weight on the Federal Circuit's decision in *VE Holding,* observing that it was deemed the governing law for 27 years.  It was reasonable for corporate defendants to assume *Fourco* no longer governed venue issues because the Federal Circuit in *VE Holding* expressly said so, reasoning that intervening statutory changes rendered *Fourco* inapplicable.  In this context, a decision (*T.C. Heartland*) reinstalling *Fourco* as the law on venue was an intervening change in the law that excused waiver.  *See e.g., Columbia Sportswear North America, Inc. v. Seirus Innovative*

**Memorandum Decision & Order – page 3**

*Accessories, Inc.,* 265 F.Supp. 2d 1196 (D. Ore. 2017); *Westech Aerosol Corp. v. 3M Co.,* 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017); *OptoLum, Inc. v. Cree, Inc.,* , 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017); *Maxchief Inv. Ltd. v. Plastic Dev. Grp., LLC*, 2017 WL 3479504, at *4 (E.D. Tenn. Aug. 14, 2017); *Valspar Corp. v. PPG Indus., Inc.,* 2017 WL 3382063, at *4 (D. Minn. Aug. 4, 2017); *Ironburg Inventions Ltd. v. Valve Corp.,* 2017 WL 3307657, at *3 (N.D. Ga. Aug. 3, 2017); *Smart Wearable Tech. Inc. v. Fitbit, Inc.,* 2017 WL 3725630 (W.D. Va. Aug. 29, 2017) (same); *Simpson Performance Prods., Inc. v. NecksGen, Inc.*, 2017 WL 3616764, at *6–7 (W.D.N.C. Aug. 23, 2017) (same).

While both camps of cases contain strong arguments, the balance is tipped by a decision of Judge Nye from this District in *CAO Lighting Inc. v. Light Efficient Design,* 2017 WL 4556717 (D.Id. Oct. 11, 2017). In that decision, Judge Nye concluded that defense counsel reasonably relied on *VE Holding* for almost three decades, and that the expense of challenging that decision would have been prohibitive:

> Of course, Defendants could have incurred the time and expense of filing such a motion with this Court, appealing to the Federal Circuit and losing, and then filing a petition with the Supreme Court in the hope that it would grant certiorari and reverse *VE Holding*. However, the time and expense of such a strategy rendered it, for all practical purposes, unavailable.

*Id.* at *4. The Court agrees with that analysis. The Court therefore holds that Wyers is entitled to the exception for waiver provided by an intervening change in the law, and therefore retains its right to seek a change of venue. Under *TC Heartland,* the Court finds venue proper in the District of Colorado. While this litigation has been ongoing here for about two years, the transfer itself will constitute only an insignificant delay – the case

**Memorandum Decision & Order – page 4**

will continue there just as it would have continued here. The Court cannot find any undue prejudice from the delay and so, for the reasons expressed above, will grant the motion to transfer.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to transfer (docket no. 67) is GRANTED. The Clerk is directed to take all steps necessary to transfer this case to the Federal District Court for the District of Colorado.

DATED: January 24, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge

**Memorandum Decision & Order – page 5**